UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MARZULLO,

                                    Plaintiff,                    Docket No.  18-cv-07529

         - against -                                             JURY TRIAL DEMANDED

STEWART/WHITLEY, LLC.,

                                    Defendant.

---

## COMPLAINT

Plaintiff Joseph Marzullo ("Marzullo" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant Stewart/Whitley LLC.  ("Stewart" or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of Denee Benton,

owned and registered by Marzullo, a New York based professional photographer. Accordingly,

Marzullo seeks monetary relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Marzullo is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 788 Amsterdam Avenue, Apt. 2S,  New York, NY 10025.

6.     Upon information and belief, Stewart is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 213 West 35th Street Suite 804, New York, NY 10001. Upon information and belief Stewart is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Stewart has owned and operated a website at the URL: www.stewartwhitley.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Marzullo photographed Denee Benton (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Marzullo then licensed the Photograph to Playbill. On January 18, 2017 Playbill ran an article that featured the Photograph titled *Denée Benton and The Great Comet Cast Heading to Broadway Sessions.*  See URL http://www.playbill.com/article/denee-benton-and-the-great-comet-cast-heading-to-broadway-sessions.  Marzullo's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of a screenshot from the Playbill article is attached hereto as Exhibit B.

9.     Marzullo is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA 2-036-412 "Img_4514."  See Exhibit C.

**B.     Defendant's Infringing Activities**

11.     On or about January 18, 2017, Stewart ran an article on the Website titled *DENEE BENTON and THE GREAT COMET Cast Heading to Broadway Sessions.* See URL https://www.stewartwhitley.com/news-blog/http/wwwplaybillcom/article/denee-benton-and-the-great-comet-cast-heading-to-broadway-sessions. (The "Article") The Article prominently featured the Photograph. A true and correct copy of a screenshot of the Article is attached hereto as Exhibit D.

12.     Stewart did not license the Photograph from Plaintiff for its article, nor did Stewart have Plaintiff's permission or consent to publish the Photograph on its Website.

<u>FIRST CLAIM FOR RELIEF</u>
<u>(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)</u>
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Stewart infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Stewart is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**DEFENDANT**
**(17 U.S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from Playbill which contained a gutter credit underneath the Photograph stating "Joseph Marzullo" and placed it on its Website without the gutter credit.

22.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Stewart violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Stewart's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Stewart intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Stewart also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Stewart as alleged herein, Plaintiff is entitled to recover from Stewart the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Stewart because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Stewart statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Stewart be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Stewart be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.   That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.   That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.   That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7.   That Plaintiff be awarded pre-judgment interest; and

8.   Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       August 17, 2018

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/JosephADunne
                                        Joseph A. Dunne, Esq.,
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Tel: (516) 233-1660
                                        JD@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff*